CHARLES C. DAVIS, APPELLANT, V. RICHARDSON COUNTY, APPELLEE.

FILED MAY 4, 1926.   No. 23615.

Taxation:  SALES FOR TAXES:  NOTICE:  DESIGNATION OF NEWSPAPER. The provisions of section 6110, Comp. St. 1922, relating to the designation of newspapers for the publication of notices, required by the scavenger tax law, construed, and *held* to authorize the county board, when any of the notices required by the scavenger tax law are to be published, to designate the newspaper in which such notices shall be published.  The board may designate a different newspaper for each of the required notices. If the board fails to designate a newspaper for any one of the required notices, then, as to such notice, the county treasurer is authorized to designate a newspaper for the publication of that particular notice only.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Charles B. Letton* and *John C. Mullen,* for appellant.

*F. N. Prout, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Plaintiff appealed from an order of the county board of Richardson county disallowing his claim for the publication of a notice of tax sale under the scavenger tax law. A trial in the district court resulted adversely to the plaintiff, and he has appealed to this court.

This action involves the proper construction of a provision of the scavenger tax law in section 6110, Comp. St. 1922. The provision of the section requiring an interpretation is in the following language: "The county board of each county shall designate the newspaper in which the notice, and in which all notices of tax sales made by the county treasurer hereinafter provided for, shall be published: Provided, the county treasurer shall designate such newspaper where the county commissioners fail to do so."

Pursuant to the provisions of the scavenger tax law, the county treasurer prepared his petition for the foreclosure of delinquent taxes on real estate. The county board having failed to designate a newspaper in which the notice of the pendency of the action should be published, the treasurer designated the plaintiff's newspaper as the one in which it should be published. After hearing, a decree was entered in the tax foreclosure action, and, under the law, a notice of tax sale was required to be published. Subsequent to the publication of the notice of the pendency of the action and prior to the time for the publication of the tax sale notice, the county board designated another newspaper as the one in which the latter notice should be published. Both newspapers published the notice and filed claims for its publication. The county board allowed the claim of the news-

paper which it had designated to publish the notice, and disallowed the plaintiff's claim.

It is plaintiff's contention that the statute contemplates that all notices of tax sales, including the notice of the pendency of the action, shall be published in one newspaper, and that but one designation is required; that the county board had the right, in the first instance, to designate the paper in which all of these notices should be published; that, it having failed to designate prior to the publication of the first notice, then the designation by the county treasurer required the publication of all of the notices, incident to that proceeding, in the same newspaper.

On the other hand, the defendant argues that it was within the power of the board to designate a newspaper for each particular notice required to be published, and that its failure to designate a newspaper for the publication of the first notice authorized the treasurer to designate a newspaper for that particular notice only; that the county board had authority to thereafter designate the newspaper in which the subsequent notices, if any, should be published; and, the board having exercised its authority in that respect, the newspaper by it designated was the only one authorized to publish the notice; that the publication of the sale notice in plaintiff's newspaper was unauthorized and his claim was rightfully disallowed.

Were we to consider the language of the statutory provision, above quoted, standing alone and without regard to other provisions of the scavenger act, we might be inclined to agree with the plaintiff's contention. We think, however, that, in determining what effect should be given to the particular provision, the entire act must be considered as a whole. It is possible that no other notice than that of the pendency of the action may be required. If all the delinquent taxes were paid prior to the entry of the decree in the foreclosure action, no tax sale notice would be necessary. However, that is rather an improbable situation. Another provision of the scavenger act requires two tax sale notices at different periods, and also further provides that if the

treasurer so elects there may be four such notices published. Notice of the pendency of the action is required to be published some time between the 1st day of June and the 10th of July.   Section 6120, Comp. St. 1922, requires the first tax sale notice to be published in October. ˙ Section 6135 requires two sale notices and contemplates one shall be published in October and the other immediately previous to the first Monday in May, and that section further provides that if the county treasurer so elects four tax sales may be held.   In the event of quarterly sales, the additional notices would be required to be published immediately prior to the first Monday in February and the first Monday in August, respectively.   It is apparent that the same county board and the same treasurer may not be in office when the second and subsequent tax sale notices are published.   It is a matter of common knowledge that newspapers cease publication and go out of business.   Sometimes two or more newspapers consolidate and merge into one, and some of the newspapers lose their identity.   A newspaper plant may be destroyed by fire or other casualty, and may be unable to continue publication for a considerable period.   In the event any such contingency should arise, we think no one would doubt that the tax sale notices may be published in a different newspaper than that in which the notice of the pendency of the action was published.   In such event, who shall designate such newspaper?   Evidently, the legislature intended that the duty of selecting such newspaper should be first vested in the county board and, in the event of its failure to act, then in the county treasurer.   In the present instance, the county treasurer rightfully designated plaintiff's newspaper in which to publish the notice of the pendency of the action.   Suppose that thereafter the plaintiff's newspaper plant had been destroyed or was unable for a time to publish its newspaper.   Would it be seriously contended that another newspaper could not be designated in which the tax sale notice should be published?   We do not think so.   It seems improbable that the legislature intended that the county board should designate the publica-

tion of notices that would be published long after the county board might be out of office and a new board in its place; or that the county treasurer might designate a newspaper for the publication of notices long after his successor was in office. To give to the statutory provision the construction contended for by plaintiff might result in placing the county officials in an embarrassing and distressing position, from which they would be unable to extricate themselves.

We think a fair interpretation of the provision is that the county board is vested with the power to designate a newspaper for each notice, as the same is required, and that the county board, in office at the time, is the one that shall designate such newspaper; and, in the event of the failure of the board to exercise the power so conferred, then the duty of designating the newspaper for the particular notice devolves upon the then county treasurer. If this interpretation is correct, it follows that the newspaper designated by the county board was the only one that was authorized to publish the notice of the tax sale, and that plaintiff's newspaper was not authorized to publish such notice.

It follows that the judgment of the district court should be and is

AFFIRMED.